CATHERINE CAREY *vs.* CHARLES A. MALLEY.

Suffolk.    January 5, 1951. — March 14, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Snow and Ice. Notice. Landlord and Tenant,* Snow and ice, Common passageway, Landlord's liability to tenant or his family or his invitee, Contract of letting. *Negligence,* One owning or controlling real estate. *Practice, Civil,* Verdict with leave reserved.

A notice under G. L. (Ter. Ed.) c. 84, § 21, § 18 as amended, adequately stating the physical cause of injury as "an accumulation of ice" on a way, need not also contain statements showing that the injured person has a good right of action in law by reason thereof.

A landlord who as part of the contract of letting has undertaken to keep passageways under his control and used by the tenant clear of snow and ice is liable to the tenant or one having his rights for injuries resulting from negligence in the performance of such undertaking.

An agreement of letting of an apartment situated at the rear of an apartment building and having its mail box located in a front vestibule, so that to reach the mail box from the apartment it was necessary to walk along the outside of the building, through an alleyway to a public sidewalk at the front of the building and on the sidewalk to a walk leading to the vestibule, contemplated that as between the parties the part of the public sidewalk so traversed should be treated on the same basis as a common passageway under the control of the landlord with respect to an undertaking by him to keep such passageways clear of snow and ice.

Evidence respecting an unsanded, icy condition of a walk along an apartment building on a morning when rain and sleet froze as they fell warranted a finding of negligence on the part of the owner of the building

in the performance of an undertaking with a tenant of an apartment therein to clear the walk of snow and ice and put sand on it.

After a verdict for the plaintiff had been returned at the trial of an action but through inadvertence had not been recorded, and the trial judge had ordered the entry of a verdict for the defendant purportedly under G. L. (Ter. Ed.) c. 231, § 120, this court, having determined that the verdict for the plaintiff was warranted and sustained his exceptions, ordered that he have an opportunity to present a motion for the recording of his verdict nunc pro tunc and that upon the allowance of such a motion judgment be entered in his favor; otherwise that the action be retried.

TORT. Writ in the Superior Court dated March 13, 1947. The action was tried before *Donahue*, J.

*E. J. Duggan*, for the plaintiff.

*W. F. Henneberry*, for the defendant.

SPALDING, J. In this action of tort the plaintiff seeks compensation for personal injuries caused by a fall on ice which the defendant was allegedly under a duty to remove.

A summary of the evidence most favorable to the plaintiff is as follows: At the times here material the defendant as trustee of a real estate trust controlled an apartment house on Glenville Avenue in the Allston section of Boston. The building, which contained numerous apartments, had three front entrances facing Glenville Avenue, numbered 22–24, 26–28, and 30–32. In the rear of the building was a basement apartment, hereinafter referred to as No. 26 (rear), which had no interior communication with any other part of the building. The entrance to this apartment was through a door leading off an areaway in the rear. The mail box for No. 26 (rear) was located in the front vestibule of No. 26. In order for a tenant of No. 26 (rear) to reach his mail box it would be necessary for him to go out of his doorway into the areaway, turn right and walk along the rear of the building to an alleyway, turn right and walk up the alleyway to the front sidewalk on Glenville Avenue, turn right again and proceed along the front sidewalk to the walk that led up to the front entrance of No. 26.

Sometime in December, 1945, the plaintiff's son-in-law, one Armstrong, went to the defendant's office for the purpose of hiring an apartment. In the front portion of the office,

which was separated from that of the defendant, was a Miss
Kert who was the defendant's secretary, office manager and
general assistant. She would "usually interview persons
looking for apartments in his buildings and would discuss
rental terms with them subject to the conditions of the
office." The defendant "trusted his employees to represent
him in his business." Armstrong on the occasion just men-
tioned dealt with Miss Kert and entered into an oral agree-
ment with her for the rental of apartment No. 26 (rear).
During the negotiations Miss Kert explained to Armstrong
where the mail box was and how it could be reached. She
said that the alleyway and sidewalk would be kept clear so
that "they could get around to the front," and that there
was a janitor who would perform the duties of clearing the
walks and sidewalks of snow and ice and would put sand
on them.

In February Armstrong and his wife took possession of
apartment No. 26 (rear) and the plaintiff resided with
them.

About 9:30 A.M. on December 17, 1946, the letter carrier
deposited mail for apartment No. 26 (rear) in the front
vestibule of No. 26, and rang a bell which sounded in the
rear apartment. Intending to pick up the mail so deposited,
the plaintiff left the apartment and started out on the route
described above. She reached the sidewalk on Glenville
Avenue in front of the apartment house, and as she turned
right she slipped and fell on ice on the sidewalk in front of
No. 32, suffering the injuries complained of. The janitor
testified that at 5:30 on the morning of the accident he
noticed a skimming of ice on the sidewalk in front of the
building and put sand on it at that time but at no other
time during the day. At eight o'clock a smooth sheet of
ice was observed on the sidewalk in front of apartment
No. 32 and there was no sand or other material on it. It
rained off and on all day and "sleeted"; it froze as it fell.
"Glare ice was the general condition throughout the com-
munity." There was no sand, salt, or other material on the
ice at the place where the plaintiff fell.

At the close of the evidence the defendant moved for a directed verdict, but the judge did not act on the motion and submitted the case to the jury who found for the plaintiff on the first count and for the defendant on the second and third. The judge then ordered a verdict to be entered for the defendant subject to the plaintiff's exception.

The defendant seeks to support the action of the trial judge on the grounds (1) that the notice was defective, (2) that the defendant was not negligent, and (3) that the plaintiff was guilty of contributory negligence as matter of law.

1. The plaintiff pursuant to G. L. (Ter. Ed.) c. 84, § 21, seasonably sent to the defendant a notice of the time, place and cause of the injury.[1] Within the time permitted by G. L. (Ter. Ed.) c. 84, § 20, the defendant sent the plaintiff a counter notice stating that the plaintiff's notice was insufficient in that it failed to state "the name and residence of the person injured and the time, place and cause of injury" and requested a notice in compliance with law. The plaintiff did not comply with this request. The defendant attacks the notice here on the grounds (1) that it failed to specify the particular place where the accident happened, and (2) that it failed to state sufficiently the cause of the injury. These contentions cannot be sustained. The place of the injury was accurately described. *Laskowski* v. *Manning*, 325 Mass. 393, 400. Nor was there any omission or inaccuracy in describing the cause of the injury. The notice stated that it was caused by "an accumulation of ice on the said way and sidewalk." That was sufficient. There is no merit in the defendant's contention, for which no authority is cited, that the cause set forth in the notice must show not only the actual physical cause of the injury but also that this cause is one which will

---

[1] The notice was as follows: "I hereby give notice to you on behalf of Mrs. Catherine Carey, whose place of residence is #26 Glenville Avenue (rear) Allston, Massachusetts, that she received injuries at about 9:30 A.M. on December 17, 1946, as she stepped from the way adjoining #32 Glenville Avenue to the sidewalk in front of #32 Glenville Avenue. The cause of the said injuries received by Mrs. Carey was an accumulation of ice on the said way and sidewalk which caused her to fall."

support in law a cause of action. The purpose of the notice is to give the defendant an opportunity to investigate the cause of the injury at a time reasonably near the accident. Otherwise it might be difficult or impossible for him to obtain evidence of the conditions existing at that time. Such notices might be, and often are, written by a party either before he has consulted counsel or before counsel have had an opportunity to investigate adequately the legal aspects of the case. It was never intended that the notice should meet the requirements of formal pleading and show that the plaintiff had a good cause of action.

2. Unless a landlord has agreed, as part of the terms of the letting, to remove natural accumulations of snow and ice from passageways and sidewalks under his control he is not liable to a tenant injured by a fall thereon. *O'Donoughue* v. *Moors*, 208 Mass. 473, 475. *Smolesky* v. *Kotler*, 270 Mass. 32, 33. *Boulton* v. *Dorrington*, 302 Mass. 407, 408. But where, as here, the landlord by the terms of the letting has undertaken the duty of keeping passageways and sidewalks clear from snow and ice and negligently performs that duty in such a manner as to cause injury to a tenant who relies on its proper performance, he is liable. *Nash* v. *Webber*, 204 Mass. 419, 425. *Erickson* v. *Buckley*, 230 Mass. 467, 470. *Hebb* v. *Gould*, 314 Mass. 10, 15.

It is true the injury here actually occurred on a public sidewalk. But in view of the physical layout of the premises we think that a reasonable interpretation of the agreement of the parties is that as to the tenant the stretch of sidewalk in front of the apartment house should be treated on the same footing as a common passageway under the control of the defendant.

The mere fact that ice was present does not show negligence on the part of the defendant. *Sanborn* v. *McKeagney*, 229 Mass. 300, 301. The jury, however, were warranted in finding that the defendant knew or should have known of the dangerous condition of the alleyway and sidewalk and was negligent in failing to take the proper steps to guard

against the danger. *Klein* v. *Boston Elevated Railway*, 293 Mass. 238, 240–241. *Correira* v. *Atlantic Amusement Co. Inc.* 302 Mass. 81, 83. See *Lamereaux* v. *Tula*, 312 Mass. 359, 361–362. The plaintiff, as a member of the tenant's household, had the same rights as the tenant. *Nash* v. *Webber*, 204 Mass. 419, 421.

3. It could not be ruled as matter of law that the plaintiff was contributorily negligent. *Hebb* v. *Gould*, 314 Mass. 10, 15. *Watts* v. *Rhodes*, 325 Mass. 697, 699.

4. It follows that the plaintiff's exception to the entry of a verdict for the defendant must be sustained. Although not raised by the parties a question of practice remains. It is plain that the judge intended to have the verdict taken under leave reserved, for after the verdict for the plaintiff was returned he ordered a verdict for the defendant, saying, "then, if I am mistaken, gentlemen, the Supreme Judicial Court will have your verdict before it, and the necessity of a new trial will be obviated." The defendant concedes in his brief that the verdict in his favor was entered in accordance with the provisions of G. L. (Ter. Ed.) c. 231, § 120. The bill of exceptions states that the verdicts for the defendant on counts 2 and 3 were recorded but it does not appear that the verdict on count 1 was recorded. This was doubtless an oversight. However, the "provisions of G. L. c. 231, § 120, are applicable only when a verdict or finding has been entered and stands capable of being the basis of a final judgment if found to be without taint of material error in law." *Nagle* v. *Driver*, 256 Mass. 537, 538. It is plain that there ought not to be a retrial of the case, but in order that this may be avoided the plaintiff should be given an opportunity to present a motion for the recording nunc pro tunc of the verdict on count 1. See *Perkins* v. *Perkins*, 225 Mass. 392, 396. Upon the allowance of such motion judgment is to be entered for the plaintiff on the verdict returned by the jury; otherwise the case must be retried.

*So ordered.*