ROBERT P. GEHRMAN, Plaintiff-Appellant, *v.* MAX ZAJAC *et al.*, Defendants-Appellees.

(No. 61805;

First District (5th Division)—November 14, 1975.

Heller & Morris and Torshen, Fortes & Eigher, Ltd., both of Chicago (Jerome H. Torshen and Maria A. Skirnick, of counsel), for appellant.

Taylor, Miller, Magner, Sprowl & Hutchings, of Chicago (James J. Hoffnagle and Philip G. Heitz, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from the entry of a summary judgment in defendants' favor in a suit for personal injuries arising from his fall on a piece of ice at defendants' apartment building. On appeal, he contends: (1) that the trial court erred when it found that there was no genuine issue of material fact presented by his complaint and deposition, and (2) that a lessor should be required to keep the common areas free from natural accumulations of ice and snow.

Plaintiff's complaint alleged that: defendants owned a certain apartment building; he was a tenant thereof; there was a common entrance way to the building; defendant had a duty to keep it in a safe condition; on January 30, 1970, plaintiff slipped and fell on the step at the entrance way despite his due care and caution; defendants negligently allowed ice to accumulate on the step or negligently failed to remove it; and he was injured as a direct result of the fall.

Defendants' answer denied, *inter alia,* that they had the stated duty under Illinois law and that they were in any way guilty of the stated acts or omissions.

On November 15, 1974, defendants filed their motion for summary judgment based upon plaintiff's complaint and deposition.

Plaintiff's deposition, in pertinent part, stated that he was returning home from work after stopping at a pool hall where he had consumed approximately three beers. He arrived at defendants' building at about 1:30 A.M. It was neither snowing, misting, nor sleeting at the time, and the sidewalk was clear of ice and snow. The step at the outside door of the building was approximately eight to twelve inches high and appeared to be free of ice and snow. As he placed his right foot on the step, the foot slipped on a piece of ice. He grabbed for the door and came down on his left ankle. From ground level, he could see "a partial piece of ice" on the step. There were no witnesses. No drain pipes drained on the step. When asked if anything else could have accounted for the piece of ice, plaintiff suggested the possibility of the freezing of mud or snow dripping from the boots of people entering the building.

The trial court granted defendants' motion for summary judgment on January 31, 1975, and this appeal followed.

OPINION

■■ Plaintiff first contends that the trial court erred when it found that there was no genuine issue of material fact presented by his complaint and deposition. Section 57(3) of the Civil Practice Act provides that summary judgment is appropriate "* * * if the pleadings, depositions, and the admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact * * *." (Ill. Rev. Stat. 1973, ch. 110, par. 57(3).) While plaintiff is not required to prove his case at this preliminary stage, he is under a duty to present some factual basis that would arguably entitle him to a judgment under the applicable law. Plaintiff had the duty to affirmatively show that the origin of the ice was unnatural or caused by defendants. (See *Riccitelli v. Sternfeld*, 1 Ill.2d 133, 115 N.E.2d 288; *Durkin v. Lewitz*, 3 Ill.App.2d 481, 123 N.E.2d 151; *Foster v. George J. Cyrus & Co.*, 2 Ill.App.3d 274, 276 N.E.2d 38.) Plaintiff may rely upon the reasonable inferences which can be drawn from the facts considered on the motion for summary judgment in determining whether a genuine issue of material fact exists. *Unzicker v. Chambers*, 8 Ill.App.3d 992, 291 N.E.2d 231.

In the instant case, however, plaintiff presents no specific facts, nor can any reasonable inference be drawn from the record, which would create a triable issue of fact. A trial court need not strain hard to adduce some remote factual possibility to defeat a motion for summary judgment. Plaintiff offered no testimony of a possible structural defect or other condition under the control of defendants which might account for an unnatural accumulation for which the lessor might be liable. To the contrary, plaintiff admits that it was not snowing or misting that evening, and that the sidewalks in front of the building were shovelled and clean. Therefore, we believe that there is no genuine issue of material fact which would merit any further proceedings in this cause.

■■ Plaintiff contends, in the alternative, that this court should hold that a landlord has the duty to remove natural accumulations of ice and snow from common areas within a reasonable time. Plaintiff admits that current Illinois law does not recognize this duty. (*Cronin v. Brownlie*, 348 Ill.App. 448, 109 N.E.2d 352.) Nonetheless, he urges that lessors should not be allowed a seasonal exemption from their duty to keep common areas in a reasonably safe condition. A lessor's duty of care in cases such as this generally relates to accumulations resulting from defects in the condition of the premises and not to intermittent natural occurrences which cannot be foreseen or controlled. Moreover, the applicable rule of law recognizes the climatic vagaries of this area with its unpredictable snowfalls and frequent temperature changes. Conse-

quently, we believe that overruling the present standard would impose an unreasonable burden of vigilance and care upon lessors, and, therefore, reject plaintiff's final contention.

For the reasons stated above, we affirm the judgment of the circuit court of Cook County.

Affirmed.

DRUCKER and SULLIVAN, JJ., concur.