HELEN ERASMUS, Plaintiff-Appellant, *v.* CHICAGO HOUSING AUTHORITY, Defendant-Appellee.

First District (2nd Division)    No. 79-1598

Opinion filed July 1, 1980.

---

James M. Dupree, of Chicago, for appellant.

Orner, Wasserman & Moore, of Chicago (Norton Wasserman, of counsel), for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff Helen Erasmus appeals from a summary judgment in favor of defendant Chicago Housing Authority (CHA). Plaintiff contends that the granting of summary judgment was inappropriate, as the pleadings and depositions reveal a material issue of fact with respect to defendant's negligent removal of ice and snow. Defendant argues that there is no factual basis for plaintiff's allegation of negligence, and also claims immunity from suit under section 3—105 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1977, ch. 85, par. 3—105). Defendant further asks this court to dismiss plaintiff's appeal for failure to comply with Supreme Court Rules 326 and 342 (Ill. Rev. Stat. 1977, ch. 110A, pars. 326 and 342).

On January 12, 1977, Helen Erasmus left her home at 819 W. 31st Street, Chicago, and proceeded west on a sidewalk that paralleled 31st Street. Within a few feet, and while still in front of her home, Mrs. Erasmus slipped and fell on the ice-covered sidewalk, sustaining severe injuries. She described the ice on the walk as "jaggedy," "groovy," and at least two inches thick over the entire sidewalk. The plaintiff also described packed snow mixed with and partially covering the ice. She acknowledged that the snow and ice had covered the sidewalk for several days, and she was aware of the condition of the walk as she left her apartment at mid-morning.

Plaintiff's apartment is a row house leased from the defendant CHA, which maintains the sidewalk in front of her home. On the morning of January 12, and prior to Mrs. Erasmus' fall, defendant's employee Jose Fernandez plowed and salted the sidewalk in question. Mr. Fernandez acknowledged that the plow was only able to clear the surface snow from an ice-covered sidewalk, and that pedestrian traffic, combined with the ice-melting agent spread on the walk, could create ridges in the ice as the ice melted and refroze.

■■ Summary judgment is indicated when the pleadings, depositions, affidavits, and other documents show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1977, ch. 110, par. 57; *McCann v. Bethesda Hospital* (1980), 80 Ill. App. 3d 544, 547, 400 N.E.2d 16.) The plaintiff here contends that the negligence of the defendant in clearing ice and snow from a sidewalk under its control is a disputed and material issue of fact. Before considering the sustainability of the plaintiff's allegation of negligence, however, this court will consider the legal effect of proof of such negligence.

■■ ■ Both parties to this appeal acknowledge the general rule that a landlord incurs no liability for injuries to his tenants caused by the natural

accumulation of ice and snow on his property. (*Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 1004, 365 N.E.2d 80; *Cronin v. Brownlie* (1952), 348 Ill. App. 448, 456, 109 N.E.2d 221.) However, when the landlord chooses to remove snow and ice, he is charged with the duty of exercising ordinary care in the accomplishment of that task. (*Sims v. Block* (1968), 94 Ill. App. 2d 215, 222, 236 N.E.2d 572.) The property owner, then, has no duty to remedy a natural accumulation of snow. His duty is to prevent an unnatural accumulation on his property, whether that accumulation is the direct result of the landowner's clearing operations, or is caused by design deficiencies that promote unnatural accumulations of ice and snow. See *McCann v. Bethesda Hospital* (1980), 80 Ill. App. 3d 544, 549-50, 400 N.E.2d 16; *Fitzsimons v. National Tea Co.* (1961), 29 Ill. App. 2d 306, 318, 173 N.E.2d 534.

▆▆▆ Nevertheless, plaintiff must do more than merely allege negligence on the part of the defendant. In order to overcome a motion for summary judgment, plaintiff must allege facts sufficient to permit a jury to find that the defendant was indeed responsible for the unnatural accumulation of ice and snow that caused the plaintiff's injuries. (See *McCann v. Bethesda Hospital* (1980), 80 Ill. App. 3d 544, 551, 400 N.E.2d 16; *Byrne v. Catholic Bishop* (1971), 131 Ill. App. 2d 356, 359, 266 N.E.2d 708.) In the instant case, plaintiff relies principally on the fact that the defendant's employee cleared the newly fallen snow from the sidewalk, and exposed the thick rutted ice beneath. Mere removal of snow, which leaves a natural accumulation of ice on the surface, does not of itself constitute negligence. (*Anderson v. Davis Development Corp.* (1968), 99 Ill. App. 2d 55, 58, 241 N.E.2d 222.) The plaintiff must show that the exposed stratum of ice was itself an unnatural accumulation, created directly or indirectly by the defendant. (See *McCann v. Bethesda Hospital* (1980), 80 Ill. App. 3d 544, 549, 400 N.E.2d 16.) Here, plaintiff has offered no facts which would allow a jury to find that the ice on the sidewalk was anything other than a natural accumulation. The pedestrian traffic that, presumably, created the rutted and uneven surface cannot be considered "unnatural" on an urban sidewalk. In considering a motion for summary judgment, the trial court should construe the facts liberally in favor of the nonmovant. (*Sielski v. Tioga Homes, Inc.* (1978), 62 Ill. App. 3d 340, 342, 379 N.E.2d 336.) Even so, the court need not strain to adduce some remote factual possibility that will defeat the motion. (*Gehrman v. Zajac* (1975), 34 Ill. App. 3d 164, 166, 340 N.E.2d 184.) On the record in this case the trial court could find, as a matter of law, that the icy sidewalk was the product of a natural accumulation, and that the defendant's snow plowing was therefore not performed negligently.

Defendant has claimed a statutory immunity under section 3—105 of

the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1977, ch. 85, par. 1—101 *et seq.*) (exempting public entities from liability for injuries caused by the effect of weather conditions on public streets and sidewalks). As noted in *Lansing v. County of McLean* (1978), 69 Ill. 2d 562, 568-69, 372 N.E.2d 822, section 9—103(b) (now designated Ill. Rev. Stat. 1977, ch. 85, par. 9—103(c)) limits the statutory immunity of section 3—105 when the public entity is insured. Section 9—103 prevents the insurer from claiming the statutory immunity of section 3—105. More recently, this court has held that a public entity does not waive the protection of the Tort Immunity Act when the plaintiff's claim is not covered by the defendant's insurance policy. (*Beckus v. Chicago Board of Education* (1979), 78 Ill. App. 3d 558, 561, 397 N.E.2d 175.) The record in the instant case does not reveal whether the defendant is insured with respect to the amount and the risk involved. We therefore do not base our decision in this case on the defendant's claim of statutory immunity.

■■ Defendant also contends that this appeal should be dismissed for plaintiff's failure to file a designation of excerpts or abstract as required by Supreme Court Rule 342 (Ill. Rev. Stat. 1977, ch. 110A, par. 342), and for plaintiff's untimely filing of the record in this court, in violation of Supreme Court Rule 326 (Ill. Rev. Stat. 1977, ch. 110A, par. 326). As a result of the plaintiff-appellant's noncompliance with Rule 326, the instant appeal was ordered dismissed on October 23, 1979. On December 11, 1979, on plaintiff's motion, the order of October 23 was vacated and the appeal reinstated. Having elected to reinstate and hear the appeal, this court need not reverse itself and again dismiss the appeal. Supreme Court Rule 301 (Ill. Rev. Stat. 1977, ch. 110A, par. 301) makes it clear that, after the filing of the notice of appeal, no other procedural step in the appellate process is jurisdictional. Since plaintiff's notice of appeal was properly filed, this court has appellate jurisdiction, and can choose to hear the appeal on its merits, even though procedural variations warrant dismissal. *O'Brien v. Kawazoye* (1975), 27 Ill. App. 3d 810, 814-15, 327 N.E.2d 236.

Finally, we note that the trial court, in its amended order of summary judgment, gave as the basis for its decision its finding that the CHA had no duty to clear the sidewalks of snow. The general rule of nonliability is inapplicable to the facts of this case, since the defendant CHA undertook to clear the sidewalks, and was therefore subject to a duty to use ordinary care. This court may nevertheless affirm the trial court, since a reviewing court can affirm the summary judgment of a lower court if the decision is justified by any reason appearing in the record. (*Cuthbert v. Stempin* (1979), 78 Ill. App. 3d 562, 567, 396 N.E.2d 1197.) As indicated above, the plaintiff's failure to allege facts suggesting that the defendant was responsible for the accumulation of ice that proximately caused

the plaintiff's fall amounts to a fatal deficiency in proofs, and justifies summary judgment for the defendant.

Accordingly, the decision of the trial court is affirmed.

Affirmed.

PERLIN, P. J., and DOWNING, J., concur.