BARBARA SCHOONDYKE, Plaintiff-Appellant, *v.* HEIL, HEIL, SMART & GOLEE, INC., *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 79-1428

Opinion filed October 14, 1980.

John A. Doyle, Ltd., of Chicago (William J. Harte, of counsel), for appellant.

Pretzel, Stouffer, Nolan & Rooney, Chartered, of Chicago (Robert Marc Chemers and Joseph B. Lederleitner, of counsel), for appellees.

Mr. PRESIDING JUSTICE PERLIN delivered the opinion of the court:

Plaintiff, Barbara Schoondyke, brought an action against defendants, Heil, Heil, Smart & Golee, Inc., Cedar Run Homeowners' Association, Cedar Run V Condominium Association and Tekton Corporation, for injuries she sustained in a fall on the common portions of the premises commonly known as Cedar Run Condominiums. Plaintiff resides with her parents in a Cedar Run condominium unit owned by her parents. Her complaint, in two counts, alleges that defendants caused her injuries by

failing to remove ice and snow: Count I is predicated upon negligence, and count II appears to have as its foundation negligence arising from a breach of a contractual duty. The trial court granted defendants' motion for summary judgment. Plaintiff appeals only from that portion of the order which grants summary judgment as to count II.

For reasons hereinafter set forth, we reverse that portion of the judgment of the circuit court of Cook County which pertains to count II and remand for further proceedings not inconsistent with the views expressed herein.

The pleadings and depositions disclose that during the early morning hours of February 22, 1974, it had snowed, and when plaintiff departed for work that morning an "inch or two" of snow had accumulated. When plaintiff returned home from work that evening, no snow removal had taken place. Plaintiff did not park her automobile in the garage but instead parked it in the driveway because the "driveways had not been cleared * * * and [she] was afraid of sliding into the garage * * * ." After exiting her automobile, plaintiff, walking upon the common sidewalk, fell and was injured.

The pleadings and depositions further reveal that the monthly assessment charge levied with respect to each condominium unit includes a charge for snow removal. Although plaintiff testified at her discovery deposition that she had an agreement with her parents to pay a portion of the mortgage and maintenance fee, she had no recollection of ever making such payment to her parents.

■■ Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57(3)) provides that summary judgment is appropriate " * * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." Although summary judgment is a procedure to be encouraged (*Allen v. Meyer* (1958), 14 Ill. 2d 284, 292, 152 N.E.2d 576), it is a remedy to be awarded with some caution so as not to preempt the right to a trial by jury or the right to fully present the factual basis of a case wherein a material dispute may exist (*Ruby v. Wayman* (1968), 99 Ill. App. 2d 146, 149-50, 240 N.E.2d 699). In determining if there is a genuine issue or material dispute, inferences may be drawn from the facts which are not in dispute, and if fair-minded persons could draw different inferences from these facts, then a triable issue exists. (*Ruby v. Wayman*, at 150.) In ruling upon a motion for summary judgment, the trial court must construe the pleadings, depositions and affidavits most strictly against the moving party and most liberally in favor of the opponent. (*Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 1003-04, 365 N.E.2d 80.) While plaintiff need

not prove her case at this preliminary stage, she is required to present some factual basis that would arguably entitle her to a judgment under the applicable law. *Gehrman v. Zajac* (1975), 34 Ill. App. 3d 164, 166, 340 N.E.2d 184.

■■ It is defendants' position that they owe no such duty of snow removal to plaintiff, for they had no contract with plaintiff. On the other hand, it is plaintiff's position that no privity of contract is required in order to impose such a duty upon defendants. In *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656, our supreme court, even though there was no privity of contract between plaintiffs and the defendant, held the defendant surveyor liable for tortious misrepresentation for the damage sustained by the plaintiff purchasers of real estate which had been surveyed. The court stated at page 62: "* * * we emphasize that lack of direct contractual relationship between the parties is not a defense in a tort action in this jurisdiction. Thus, tort liability will henceforth be measured by the scope of duty owed rather than the artificial concepts of privity."

It is fundamental that there can be no recovery in tort for negligence unless the defendant has breached a duty owed to the plaintiff. (*Boyd v. Racine Currency Exchange, Inc.* (1973), 56 Ill. 2d 95, 306 N.E.2d 39; *Barnes v. Washington* (1973), 56 Ill. 2d 22, 305 N.E.2d 535.) The existence of such a legal duty is a question of law to be determined by the trial court. (*Mieher v. Brown* (1973), 54 Ill. 2d 539, 301 N.E.2d 307.) In the absence of any showing upon which the court could infer the existence of a duty, no recovery would be possible as a matter of law and summary judgment in favor of defendants would be proper. Therefore, plaintiff must affirmatively show that defendants owed her a legal duty to clear the common portions of the premises of the ice and snow which had accumulated during the early morning hours of February 22, 1974.

■■ " 'It may be stated as a general rule that there is no absolute duty to keep outside steps free from ice or snow at all times. Where the precipitation is recent or continuous, the duty to remove such obstruction as it forms cannot be imposed, and the dangers arising therefrom are viewed as the normal hazards of life, for which no owner or person in possession of property is held responsible. It is only when the owner or possessor having a duty to remove snow and ice, improperly permits an accumulation thereof to remain after a reasonable length of time for removal has elapsed, that liability may arise for the unsafe and dangerous condition thereby created.' " (*Durkin v. Lewitz* (1954), 3 Ill. App. 2d 481, 491, 123 N.E.2d 151, quoting *Goodman, v. Corn Exchange National Bank & Trust Co.* (1938), 331 Pa. 587, 590, 200 A. 642, 643.) In the case at bar defendants by their agreement with the unit owners as contained in the "Declaration of Condominium" and "Condominium By-Laws," have

assumed a duty of snow removal not imposed upon them by common law. Whether plaintiff here is an individual who is entitled to the protections afforded by defendants' assumption of the duty of snow removal depends upon whether plaintiff and defendants stand in such relationship to one another that the law imposes upon defendants an obligation of reasonable conduct for the benefit of plaintiff. *Mieher v. Brown* (1973), 54 Ill. 2d 539, 541; *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374, 308 N.E.2d 617.

■■ The existence of a legal duty is not to be founded upon the factor of foreseeability alone. In both *Mieher v. Brown* (1973), 54 Ill. 2d 539, 544, and *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 375, our supreme court in discussing foreseeability has distinguished the judge's role in determining the duty owed from the jury's role in determining the violation of the duty by quoting Dean Leon Green's observation:

"[H]owever valuable the foreseeability formula may be in aiding a jury or judge to reach a decision on the negligence issue, it is altogether inadequate for use by the judge as a basis of determining the duty issue and its scope. The duty issue, being one of law, is broad in its implication; the negligence issue is confined to the particular case and has no implications for other cases. There are many factors other than foreseeability that may condition a judge's imposing or not imposing a duty in the particular case, but the only factors for the jury to consider in determining the negligence issue are expressed in the foreseeability formula." (Green, *Foreseeability in Negligence Law*, 61 Colum. L. Rev. 1401, 1417-18 (1961).)

Thus, although foreseeability is generally accepted as the test to be applied by a jury in determining if a duty has been violated, other factors in addition to foreseeability must be considered by the court in defining the scope of the duty. Our earlier decisions in *Harper v. Epstein* (1974), 16 Ill. App. 3d 771, 773, 306 N.E.2d 690, and *Wall v. McGavock* (1971), 132 Ill. App. 2d 231, 234, 267 N.E.2d 765, have required that the likelihood of injury, the magnitude of the burden of guarding against it, and the desirability of placing the burden upon the defendant must also be considered in determining the preliminary question of whether the duty exists.

In judging whether the harm was legally foreseeable, we consider what was apparent to defendants at the time of their now complained of conduct, not what may appear through the exercise of hindsight. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 376.) At the time of plaintiff's fall, defendants, pursuant to the declaration of condominium and condominium bylaws, had assumed a duty to remove natural accumulations of snow and ice. It is neither "highly extraordinary" (Restatement (Second) of Torts §435, (2) (1965)), nor "freakish" and "fantastic" (Prosser, *Palsgraf*

*Revisited*, 52 Mich. L. Rev. 1, 27 (1953)) that plaintiff, a nonowner-occupier of a condominium unit, fell on the ice and snow, which had accumulated earlier in the day, and was injured. We cannot logically conclude under the circumstances in the case at bar that "the remote possibility of the occurrence did not give rise to a legal duty on the part of the [defendants] to the plaintiff to provide against [her] injury." (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 377-78.) The only arguably relevant difference between plaintiff and the occupiers of other units is one of ownership. It would be difficult to conclude that plaintiff, as an occupier of a unit, is not within the class of legally foreseeable plaintiffs.

Moreover, defendants' "burden of guarding against [the injury to plaintiff]" (*Harper v. Epstein* (1974), 16 Ill. App. 3d 771, 773) is of no greater magnitude than their burden of guarding against injury to the unit owners. Their duty to remove snow from the common premises is not decreased by the fact that plaintiff does not own the unit in which she resides. Nor can we conclude that it would be undesirable to place the burden on defendants because they have voluntarily assumed the duty of snow removal.

Counsel for both parties at oral argument agreed that this is a case of first impression in Illinois. Counsel for plaintiff had suggested that the trend toward condominium living has generated a new dimension in legal relationships and possible duties resulting therefrom. Our supreme court stated in *Mieher v. Brown* (1973), 54 Ill. 2d 539, 545:

> "It is apparent that the concept of duty in negligence cases is very involved, complex and indeed nebulous. The term is so ill-defined and its boundaries so indistinct that one commentator has observed: 'There is a duty if the court says there is a duty.' And he concluded that the court's pronouncement often reflects the policy and social requirements of the time and community. Prosser, *Palsgraf Revisited*, 52 Mich. L. Rev. 1, 15; see also Prosser, Law of Torts (4th ed. 1971) 325-326."

In arriving at our conclusion we have considered the generally accepted principles of negligence law in a context which, in our opinion, reflects "the policy and social requirements" of the condominium community.

■■ In the instant case, because defendants, by virtue of the declaration of condominium and condominium bylaws, have voluntarily assumed a duty of snow removal not imposed upon them by common law, we conclude that as a matter of law, defendants owed a duty to plaintiff herein to remove natural accumulations of snow and ice. We must also conclude, therefore, that the trial court erred in granting defendants' motion for summary judgment based upon the argument that defendants owed no duty to plaintiff.

■■ In their motion for summary judgment, defendants also alleged that plaintiff was guilty of contributory negligence "as a matter of law."[1] In *Geraghty v. Burr Oak Lanes, Inc.* (1955), 5 Ill. 2d 153, 162, 125 N.E.2d 47, our supreme court stated.

> "The question whether a plaintiff has been guilty of contributory negligence is ordinarily and pre-eminently a question of fact, upon which he is entitled to have the finding of a jury. It can become a question of law only when from the undisputed facts all reasonable minds, in the exercise of a fair and honest judgment, would be compelled to reach the conclusion that there was contributory negligence."

It cannot be concluded that merely because plaintiff chose to use the sidewalk to enter the unit in which she resided rather than attempting to maneuver her automobile into the garage and entering the unit through the garage that she was contributorily negligent as a matter of law. Plaintiff testified at her discovery deposition that the "garages are very narrow" and she was "afraid of sliding into the garage." It is not decisive that a safer course of action may have been available or that the course chosen entailed certain hazards. The crucial issue is whether the choice of action was unreasonable. (*Connolly v. Melroy* (1978), 63 Ill. App. 3d 850, 380 N.E.2d 863.) It cannot be concluded from the record before us that the action chosen by plaintiff was unreasonable as a matter of law. Thus, defendant would not be entitled to summary judgment on the issue of contributory negligence.

Based upon the foregoing we reverse that portion of the judgment of the circuit court of Cook County which pertains to count II and remand for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

DOWNING and HARTMAN, JJ., concur.

---

[1] In its order granting defendants' motion for summary judgment the court found "in favor of defendants and against plaintiff on all issues." Therefore, we consider defendants' claim that plaintiff was contributorily negligent as a matter of law.