JOANNE K. TRESSLER, Plaintiff-Appellant, v. WINFIELD VILLAGE CO-OPERATIVE, INC., Defendant-Appellee.

Fourth District   No. 4—85—0019

Opinion filed July 17, 1985.—Rehearing denied August 15, 1985.

John Gadau and Michael A. Owens, both of Zimmerly, Gadau, Selin & Otto, of Champaign, for appellant.

Robert P. Moore and Richard R. Harden, both of Moore & Associates, of Champaign, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

The plaintiff, Joanne K. Tressler, sued her landlord, Winfield Village Cooperative, Inc., for negligent failure to comply with a covenant to remove snow. The issue on appeal is whether the trial court properly granted summary judgment in the defendant's favor.

The plaintiff entered into a written leasing agreement with the defendant on March 10, 1975. On December 12, 1977, she slipped on snow and ice while walking to her mailbox and fractured her humerus. In her complaint, she alleged the defendant had made various representations to her at the time she entered into the agreement. These representations were contained in a handbook which the defendant had supplied to her. The handbook stated the defendant would arrange for snow removal. The complaint further alleged the plaintiff's injuries were a result of the defendant's failure to perform this service.

The defendant moved for summary judgment on the ground that the plaintiff had failed to allege her injuries were caused by an unnatural accumulation of snow or by the defendant's aggravation of the natural condition. The defendant included excerpts from the plaintiff's deposition in which she conceded that the snow and ice on which she fell was the result of natural accumulation. The trial court granted the defendant's motion.

■ In order to prevail in a negligence action, a plaintiff must prove the defendant breached a duty owed to the plaintiff and thereby proximately caused the plaintiff's injuries. The existence of a duty, the legal obligation imposed upon one for the benefit of another, is a question of law to be determined by the court. On the other hand, questions concerning a breach of that duty and proximate cause of an injury are matters for the trier of fact. *Comastro v. Village of Rosemont* (1984), 122 Ill. App. 3d 405, 461 N.E.2d 616.

■ The issue of whether a landlord is liable for injuries to tenants resulting from the landlord's failure to remove snow was first addressed in Illinois in *Cronin v. Brownlie* (1952), 348 Ill. App. 448, 109 N.E.2d 352. The court noted a conflict among authorities on the issue but decided to follow what is known as the "Massachusett's rule" of nonliability. In Illinois, therefore, a landlord has no common law duty to remove natural accumulations of ice and snow from areas under his control. *Lapidus v. Hahn* (1983), 115 Ill. App. 3d 795, 450 N.E.2d 824; *Lewis v. W. F. Smith & Co.* (1979), 71 Ill. App. 3d 1032, 390 N.E.2d 39.

An exception to this rule of nonliability exists where the landlord in some way caused an unnatural accumulation or aggravated a natural condition. (*Lapidus v. Hahn* (1983), 115 Ill. App. 3d 795, 450

N.E.2d 824; *Gehrman v. Zajac* (1975), 34 Ill. App. 3d 164, 340 N.E.2d 184.) When a landlord chooses to remove snow and ice, he is charged with a duty of exercising ordinary care in accomplishing that task. He also has a duty to use due care in preventing an unnatural accumulation that results from his clearing operation or some design deficiency. (*Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 407 N.E.2d 1031.) A breach of either of these duties renders the landlord liable for injuries proximately caused by the breach.

Relying on these cases, the defendant argues the landlord can never be liable for injuries resulting from a natural accumulation of snow and ice. A second exception to the Massachusett's rule, however, has been recognized where "the landlord by the terms of the letting has undertaken the duty of keeping passageways and sidewalks clear from snow and ice and negligently performs that duty in such a manner as to cause injury to a tenant who relies on its proper performance." (*Carey v. Malley* (1951), 327 Mass. 189, 193, 97 N.E.2d 645, 648.) In *Schoondyke v. Heil, Heil, Smart & Golee, Inc.* (1980), 89 Ill. App. 3d 640, 411 N.E.2d 1168, a case similar to the present one, the plaintiff resided in a condominium owned by her parents. She brought a negligence action against several condominium associations, alleging a breach of a contractual duty to remove snow and ice. The court noted the defendants by their agreement had assumed a duty not imposed by common law. At issue in *Schoondyke* was whether privity of contract was necessary to maintain the negligence action. The court concluded it was not and held, as a matter of law, that the defendants owed a duty to the plaintiff to remove natural accumulations of ice and snow.

■■ In the present case, the trial court agreed with the plaintiff that the defendant had assumed a duty which did not exist at common law. The trial court considered the covenant to remove snow as similar to a covenant to repair. In cases involving covenants to repair, section 357 of the Restatement (Second) of Torts has been applied. (*Dial v. Mihalic* (1982), 107 Ill. App. 3d 855, 438 N.E.2d 546; *Hurt v. Pershing Mobile Home Sales, Inc.* (1980), 83 Ill. App. 3d 724, 404 N.E.2d 842.) Section 357 states:

"A lessor of land is subject to liability for physical harm caused to his lessee and others upon the land with the consent of the lessee or his sublessee by a condition of disrepair existing before or arising after the lessee has taken possession if

(a) the lessor, as such, has contracted by a covenant in the lease or otherwise to keep the land in repair, and

(b) the disrepair creates an unreasonable risk to persons upon

the land which the performance of the lessor's agreement would have prevented, and

(c) the lessor fails to exercise reasonable care to perform his contract." (Restatement (Second) of Torts sec. 357 (1965).)

Relying on *Cromwell v. Allen* (1909), 151 Ill. App. 404, and *Moldenhauer v. Krynski* (1965), 62 Ill. App. 2d 382, 210 N.E.2d 809, the trial court decided a landlord could be held liable only when he negligently failed to perform his duty. The court concluded there was an insufficient basis for finding that the defendant had negligently breached the covenant.

We agree that a landlord can be liable for breach of a covenant to remove snow only when he fails to use due care in performing the covenant. The trial court, however, erred in deciding the issue on the motion for summary judgment. As previously mentioned, a question concerning breach of a duty, whether the defendant exercised reasonable care, is a matter for the trier of fact. Summary judgment should be. granted only when the pleadings, depositions, and admissions, together with any affidavits, show that there is no genuine issue as to a material fact and that the movant is entitled to judgment as a matter of law. (*McBride v. Commercial Bank* (1981), 101 Ill. App. 3d 760, 428 N.E.2d 739.) We cannot say that the defendant exercised due care as a matter of law. The record does not reveal how long the snow and ice remained on the sidewalks, nor any efforts by the defendant to keep the sidewalks clear. In her deposition, the plaintiff indicated she had requested that the walks be cleared prior to her fall but had been informed that the weather was too severe to permit removal. Whether the defendant acted reasonably in delaying the removal of snow is a matter for the trier of fact. The defendant contends allowing the plaintiff to proceed with her cause of action will make it an insurer of its tenants' safety. The mere presence of snow and ice does not demonstrate negligence on the landlord's part. On the other hand, if the defendant knew or should have known of the dangerous condition and failed to take proper steps to guard against it, he can be held liable. *Carey v. Malley* (1951), 327 Mass. 189, 193-94, 97 N.E.2d 645, 648.

For these reasons, the order of the trial court granting summary judgment in the defendant's favor is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

GREEN, P.J., and MORTHLAND, J., concur.