LUCILLE BOONE, Adm'r of the Estate of Lucia Boone, Deceased, Indiv. and for the Benefit of the Department of Public Aid, Plaintiff-Appellant, v. EVANSTON HOSPTIAL, Defendant-Appellee.

First District (5th Division)   No. 1—90—3064

Opinion filed January 31, 1992.

Albert Brooks Friedman, Ltd., of Chicago, for appellant.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and Anne Scheitlin, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff Lucille Boone (Boone), as administrator of the estate of Lucia Boone (Lucia), deceased, appeals from the dismissal of count III of her three-count amended complaint against defendant Evanston Hospital. Evanston Hospital questions whether the appeal itself should be dismissed.

In plaintiff's complaint it was alleged that Lucia Boone worked at Evanston Hospital as a phlebotomist and that in June 1986, and again in September 1986, she was stuck in the hand with a needle she was using while performing her duties drawing blood from patients. As a result, Lucia contracted hepatitis, had to be admitted to Evanston Hospital as an in-patient in November 1986, and later underwent surgery for a liver transplant at the University of Chicago Medical Center. Nonetheless, she succumbed in December 1986.

Evanston Hospital allegedly refused to pay for Lucia's medical expenses and even denied that Lucia was an employee, placing her as a public aid patient. As a result, the Department of Public Aid (Department) paid Evanston Hospital over $300,000 in medical expenses for Lucia's treatment.

On April 30, 1990, Boone filed a three-count amended complaint against the hospital. The action was brought to recover money damages pursuant to the Illinois Wrongful Death Act (Ill. Rev. Stat. 1989, ch. 70, pars. 1, 2) (count I) and the Illinois Survival Act (Ill. Rev. Stat. 1989, ch. 110½, par. 27—6) (count II). Count III, entitled an "alternative count," sought to recoup from Evanston Hospital, for the benefit of the Illinois Department of Public Aid, monies expended by the Department on the plaintiff's deceased for medical and funeral expenses.

On September 17, 1990, an order was entered striking counts I and II and dismissing with prejudice count III. No explanation was provided in the order for the trial court's actions and no transcript of the hearing held on defendant's motions to strike and dismiss has been filed with this court. However, according to defendant's brief (unchallenged by plaintiff), counts I and II were stricken on the ground that the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 et seq.) was plaintiff's sole remedy against the hospital and count III was dismissed with prejudice on the basis that plaintiff did not have standing to bring an action on behalf of the Department of Public Aid. The order, with respect to count III, also noted that there was no just cause to delay enforcement or appeal. 134 Ill. 2d R. 304(a).

On October 18, 1990, Boone filed her notice of appeal with regard to the dismissal of count III. When no record on appeal was filed

within the time allotted by Supreme Court Rule 326 (see 134 Ill. 2d R. 326), Evanston Hospital moved to dismiss the appeal and the motion was granted by an order of this court dated March 8, 1991.

On May 3, 1991, Boone filed a motion to reinstate the appeal, at the same time seeking leave to file her brief and record *instanter*. Over the hospital's written objection, this court granted plaintiff's motion in an order dated May 14, 1991.

Evanston Hospital now claims that this appeal should be dismissed because of Boone's failure to timely file the record on appeal and that this court erred by reinstating the appeal. We disagree.

■■ The procedure followed here, *i.e.*, the dismissal for failure to comply with Supreme Court Rule 326 and the reinstatement of the appeal upon plaintiff's motion, is identical to the procedure followed in *Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 407 N.E.2d 1031, wherein the court stated:

> "Having elected to reinstate and hear the appeal, this court need not reverse itself and again dismiss the appeal. Supreme Court Rule 301 (Ill. Rev. Stat. 1977, ch. 110A, par. 301) makes it clear that, after the filing of the notice of appeal, no other procedural step in the appellate process is jurisdictional. Since plaintiff's notice of appeal was properly filed, this court has appellate jurisdiction, and can choose to hear the appeal on its merits, even though procedural variations warrant dismissal. *O'Brien v. Kawazoye* (1975), 27 Ill. App. 3d 810, 814-15, 327 N.E.2d 236." 86 Ill. App. 3d at 146.

Although we do not condone noncompliance with procedural rules, we agree with the proposition that, because compliance with procedural rules is not jurisdictional, this court has the discretion to overlook "procedural variations" which might warrant reversal. The exercise of this discretion is necessary to avoid the harsh result of dismissal and to allow review on the merits. Consequently, we find no need to reverse our decision to reinstate the appeal.

■■ We now turn our attention to Boone's issue on appeal, *i.e.*, whether the trial court properly dismissed count III of Boone's complaint. In her appeal, Boone contends that sections 11—22 and 11—22b of the Illinois Public Aid Code clearly allow for suits being brought against third parties who may be liable, by either the Department or a beneficiary, or both, for benefits provided by the Department. (Ill. Rev. Stat. 1989, ch. 23, pars. 11—22, 11—22b.) While we agree that this statement is true, we do not agree that this fact leads one to the conclusion that a suit may be brought by a beneficiary of

public aid, in the name of or for the benefit of, the Department. Therefore, we affirm the trial court's dismissal of count III.

Section 11—22 of the Public Aid Code (Code) (Ill. Rev. Stat. 1989, ch. 23, par. 11—22) states that when an applicant for, or recipient of, public aid or medical assistance receives a personal injury for which another party is liable and the applicant or recipient brings a viable cause of action, claim or demand against that third party based upon that personal injury, the Department is entitled to place a charge on that claim, demand or cause of action, to the extent of the total amount of assistance provided to the applicant or recipient from the time of the injury to the date of recovery on the claim.

This section of the Code, we believe, contemplates the filing of an appropriate cause of action or claim by the applicant or recipient. It then gives the Department the right to enforce a lien on any recovery obtained by the public aid recipient based upon a verdict, judgment or settlement on such cause of action or claim brought by the recipient. The section also provides that a trial court has the power to adjudicate the rights of the parties and apportion their share of the recovery, as well as enforce the charge by the Department and determine, in its discretion, whether to reduce the Department's charge against the recovery.

In section 11—22b of the Code (Ill. Rev. Stat. 1989, ch. 23, par. 11—22b), entitled "Recoveries," it states in paragraph (b)(1) that:

"When benefits are provided or will be provided to a beneficiary under this Code because of injury for which another is liable, or for which a carrier is liable in accordance with the provisions of any policy of insurance issued pursuant to the Illinois Insurance Code, the Illinois Department shall have [the] right to recover from such person or carrier the reasonable value of benefits so provided. The Attorney General may, to enforce such right, institute and prosecute legal proceedings against the third person or carrier who may be liable for the injury in an appropriate court, either in the name of the Illinois Department or in the name of the injured person, his guardian, personal representative, estate, or survivors."

Although this section gives the Department the right to bring the cause of action in the name of the beneficiary, it does not provide for the reverse. We conclude, therefore, that such an action by the beneficiary is not allowed. We reach this conclusion because other paragraphs within this section provide that the Department has the discretion to compromise, settle or even waive any claim for benefits. (Ill. Rev. Stat. 1989, ch. 23, par. 11—22b(b)(2).) If the beneficiary were af-

forded the right to bring a claim on behalf of the Department, it would infringe upon the Department's ability to exercise its discretion on whether to enforce its lien or seek recovery.

Furthermore, in another paragraph of this section, paragraph 11—22b(c)(3) (Ill. Rev. Stat. 1989, ch. 23, par. 11—22b(c)(3)), it states:

> "When an action or claim is brought by persons entitled to bring such actions or assert such claims against a third person who may be liable for causing the death of a beneficiary, any settlement, judgment or award obtained is subject to the Department's claim for reimbursement of the benefits provided to the beneficiary under this Code."

We believe that the operative words in this paragraph are "by persons entitled to bring such actions or assert such claims against a third person." We interpret this paragraph, in conjunction with other paragraphs of this section, to mean that the beneficiary must bring a cause of action *in its own right*. In the event that the beneficiary brings an appropriate cause of action or asserts an appropriate claim against the third person, the Department may join or intervene in the action or claim brought by the beneficiary or bring its own action.

The cases cited to by Boone are distinguishable due to the fact that in those cases the beneficiary filed a viable cause of action against a third party in which the Department intervened. In the case at bar, Boone did not file a viable cause of action in her own right, but rather, attempted to enforce the rights of the Department. As discussed above, we do not believe that the beneficiary has this right.

For the reasons stated above, we affirm the order of dismissal issued by the circuit court.

Affirmed.

LORENZ and GORDON, JJ., concur.