Vita Summers, Plaintiff, *v.* The City of Springfield, Defendant-Counterplaintiff-Appellant.—(K-Mart, a/k/a Kresge International, Counterdefendant-Appellee.)

(No. 13187; 

Fourth District—October 30, 1975.

Robert W. Lauritzson, Assistant Corporation Counsel, of Springfield, for appellant.

Gillespie, Burke & Gillespie and Mike Logan, both of Springfield (Robert E. Gillespie, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff Summers brought an action against the City of Springfield for damage sustained in a fall on a sidewalk in the City. The City thereupon filed a third-party action for indemnity against the property owner abutting the sidewalk. The owner, K-Mart, moved to dismiss and the motion was granted, the trial court expressly finding that there was no just reason for delay. The City has appealed the order dismissing the third-party defendant K-Mart. We affirm the order of the trial court.

The City's argument is as follows: It has an ordinance for the protection of the public (of whom plaintiff Summers is a member) which requires abutting property owners to prevent unsafe sidewalks. The City combines this ordinance with the traditional doctrine that violation of an ordinance which is enacted for the protection of a Class of which plaintiff is a member is prima facie evidence of negligence and plaintiff has a cause of action against such violator. It argues that since plaintiff Summers would have had an action against K-Mart, the City has an action for indemnity based on the active negligence of K-Mart as opposed to its own passive negligence.

■■ At common law, it was clear that an abutting landowner was not liable to members of the public for injuries caused by failure to maintain a sidewalk. (*City of Bloomington v. Bay*, 42 Ill. 503.) This is the almost universal rule in the United States, in the absence of a statute. (Annot., 88 A.L.R.2d 331, 340 (1963).) The majority of the jurisdictions which have considered the issue have held that an abutting owner could be-

come liable if a statute or ordinance imposed upon the owner the duty to keep the sidewalk in repair *and expressly made the abutter liable for injuries occasioned by lack of repair.* An ordinance which merely imposed the duty to repair was not interpreted by the courts to impose a duty to the public or to make the abutter liable for damages. (Annot., 88 A.L.R.2d 331, 354-58 (1963).) In one case cited, *Harbin v. Smith* (1934), 168 Tenn. 112, 76 S.W.2d 107, the ordinance was almost identical to the ordinance in question here. The court in that case held that such an ordinance could not support liability because the primary obligation to keep sidewalks repaired belonged to the city, who had the power of control over the sidewalk. The ordinance was designed for the benefit of the municipality on whom the duty of providing safe sidewalks rested, and not for the benefit of the public.

The ordinance, section 40.5 of the Springfield City Code reads:

"Every sidewalk in the City which is so worn or out of repair as to endanger the safety of persons passing over the same, is hereby declared to be a nuisance. No person shall hereafter suffer or permit such nuisance to exist in the front of or adjoining premises owned or occupied by him."

In section 40.7, a penalty of a maximum of $500 a day is imposed for violation of this and other sections of the City Code. Section 40.7, section 1.6, Springfield City Code.

■■ As can be seen, this section does not expressly provide that the abutter is liable for injury to members of the public. Violation of other sections of the Code do expressly provide for liability. For example, the section immediately preceding the one in question states that it is a violation to leave open a cellar, door, etc., which is adjoining the street. In addition to the penalty, the owner or occupier is made liable for all damages or injuries arising out of the violation. Section 40.4, Springfield City Code.

For the reasons stated above, the order of the circuit court of Sangamon County dismissing the third-party defendant is affirmed.

Affirmed.

CRAVEN and GREEN, JJ., concur.