PHILLIP KLIKAS, Plaintiff-Appellant, v. HANOVER SQUARE CONDO-MINIUM ASSOCIATION *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—92—1410

Opinion filed December 31, 1992.

Aram A. Hartunian and Steven Paul Schneck, both of Aram A. Hartunian & Associates, and Steven Levin, of Pekin & Levin & Associates, both of Chicago, for appellant.

Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, Nunzio C. Radogno, Thomas J. Popovich, and Lloyd E. Williams, Jr., of counsel), for appellees.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Phillip Klikas, appeals from an order granting summary judgment for the defendants, Hanover Square Condominium Association and McGrath Management Company. Klikas' negligence claim sought to recover for damages that he sustained after slipping on a snow-covered Hanover Park sidewalk adjacent to the Hanover Square Condominium complex. Klikas contends the court erred in granting summary judgment for the defendants because the defendants had a statutory duty to remove the snow and ice from the municipally owned sidewalk abutting their property. Klikas further contends that the defendants' duty also arose from their contractual obligations to clear the ice and snow from the condominium common areas.

On December 18, 1987, at approximately 1:30 a.m., Klikas was returning home from work. After parking his car at a nearby shopping center, Klikas walked to his condominium unit by way of a vil-

lage sidewalk. As nine inches of snow had fallen three days earlier, and the sidewalk had not been cleared, the snow reached Klikas' mid-calf. Walking on areas of the sidewalk where other people's footsteps had matted the snow, Klikas slipped on an icy path and fell forward, injuring his right knee.

Klikas' fourth amended complaint against Hanover and McGrath alleged that the defendants had a duty to remove the snow and ice from the sidewalks abutting the condominium units and their negligent failure to do so proximately caused his injury. The plaintiff alleged that their duty arose from a Hanover Park municipal ordinance which mandates that within 24 hours after a snowfall of two inches or more, property owners are responsible for removing substantially all ice and snow from abutting sidewalks in order to provide a level, unobstructed walkway.

The defendants moved for summary judgment on this count claiming that the ordinance did not give rise to a duty because it was not designed to protect the public safety, but was rather for the benefit of the municipality. Thus, they were entitled to summary judgment, as a matter of law. The trial court granted summary judgment.

Summary judgment is proper where the pleadings, affidavits, depositions, and admissions on file establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.) The court must construe the documents most strictly against the movant and liberally in favor of the opponent. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867.) In determining whether there exists a genuine issue of material fact, the nonmovant may rely on reasonable inferences drawn from the materials considered. (*Practical Offset, Inc. v. Davis* (1980), 83 Ill. App. 3d 566, 404 N.E.2d 516.) Summary judgment is an extraordinary remedy and the movant's right to summary judgment must be clear and free from doubt. *Purtill*, 111 Ill. 2d at 240, 489 N.E.2d at 871.

The first issue on appeal is whether the record establishes that the defendants owe a statutory duty of care to clear the snow and ice from a municipally owned, public sidewalk which abuts their property. The Hanover Park Village Code upon which the plaintiff relies reads as follows:

> "Section 22—98. Except as provided hereafter, it shall be
> the responsibility of the owner or occupant of any premises
> abutting a sidewalk or sidewalks to remove from such walks,
> within twenty-four (24) hours after a snowfall of two (2)

inches or more, substantially all ice or snow accumulated thereon so that such walk or walks are reasonably clear of snow or ice and provides [*sic*] a level, unobstructed walkway." Hanover Park Village Code, art. VI, §22—98 (1987).

In order to state a cause of action based upon negligence, the plaintiff must allege sufficient facts to establish each of the necessary elements of negligence: the plaintiff must allege the existence of a duty, a breach of that duty, and that the plaintiff's injury resulted from that breach. (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 513 N.E.2d 387.) A threshold consideration is whether a duty existed, since the existence of a duty is elemental to any recovery which is based upon negligence. (*Puttman v. May Excavating Co.* (1987), 118 Ill. 2d 107, 514 N.E.2d 188.) A plaintiff's mere allegation of a duty is inadequate to support a negligence cause of action; the plaintiff must allege sufficient facts from which the law will raise a duty. (*Swett v. Village of Algonquin* (1988), 169 Ill. App. 3d 78, 523 N.E.2d 594.) If the plaintiff fails to establish the existence of a duty, he may not recover against a defendant as a matter of law. *Swett*, 169 Ill. App. 3d at 82, 523 N.E.2d at 597.

■■ Both parties agree that, in general, a property owner has no duty to remove and is not liable for injuries caused by natural accumulations of snow and ice. (*Harkins v. System Parking, Inc.* (1989), 186 Ill. App. 3d 869, 542 N.E.2d 921; *Smalling v. La Salle National Bank* (1982), 104 Ill. App. 3d 894, 433 N.E.2d 713.) Moreover, municipalities also have no duty to remove natural accumulations of ice and snow and are not liable for injuries sustained therefrom. *Strappelli v. City of Chicago* (1939), 371 Ill. 72, 20 N.E.2d 43.

However, Klikas contends that the defendants have a duty to clear the ice and snow from the public sidewalks abutting their property because the municipal ordinance constitutes a public safety measure and the plaintiff is included in the class of persons that the ordinance was designed to protect. Klikas relies on *Kalata v. Anheuser-Busch Cos.* (1991), 144 Ill. 2d 425, 581 N.E.2d 656, for the proposition that the violation of a city ordinance constitutes *prima facie* evidence of negligence if the ordinance is intended to protect humans or property.

In *Kalata*, the plaintiff, an employee of the lessee of a warehouse, sustained personal injuries when he fell on a snow- and ice-covered stairway while exiting the warehouse which was owned by the defendant, the lessor. The stairwell on which the plaintiff fell

did not have a second handrail, in violation of the Chicago Municipal Code. The court found that the violation of the city ordinance constituted *prima facie* evidence of negligence since the ordinance was a public safety measure and violation of the ordinance proximately caused the plaintiff's injury. Further, the ordinance was intended to protect a class of persons to which the plaintiff belonged from the kind of injury he suffered. See also *Barthel v. Illinois Central Gulf R.R. Co.* (1978), 74 Ill. 2d 213, 384 N.E.2d 323; *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74.

The issue which is raised by this contention is whether the purpose of the Hanover Park ordinance is to ensure public safety, in which case violation of the ordinance could be considered evidence of negligence. Klikas' assertion that the ordinance is intended for the public safety relies upon language from our supreme court opinion in *City of Carbondale v. Brewster* (1979), 78 Ill. 2d 111, 398 N.E.2d 829, in which the court held that an ordinance requiring that persons in control of property abutting sidewalks remove the snow and ice from such sidewalks was a reasonable exercise of police power. The court concluded that since keeping sidewalks free from snow and ice "is closely related to and in furtherance of the public's welfare," municipalities could pass ordinances which required that sidewalks be kept clear. *City of Carbondale*, 78 Ill. 2d at 117, 398 N.E.2d at 832.

The primary distinguishing factor between *Brewster* and the instant case is that the court in *Brewster* was not deciding whether violation of the ordinance imposed a tort duty on the property owner which would support a civil cause of action. The court was addressing whether such legislation could be upheld as a valid exercise of police power.

By contrast, the defendants argue that the ordinance is intended to benefit the municipality, and not the public. The defendant relies on a variety of appellate court cases which have held that no tort duty arises from ordinances which require adjoining property owners to maintain sidewalks because the ordinances are designed for the benefit of the municipality, and not the public. See *Thiede v. Tambone* (1990), 196 Ill. App. 3d 253, 553 N.E.2d 817; *Summers v. City of Springfield* (1975), 33 Ill. App. 3d 474, 337 N.E.2d 72.

Klikas contends that these cases are distinguishable because they involve the duty to repair sidewalks, which ultimately belongs to the city. Thus, ordinances which delegate that duty to third parties benefit the municipality. In the instant case, the city has no

duty to clear the ice and snow from its streets and sidewalks. Therefore, Klikas concludes, an ordinance which delegates that duty to property owners is not for the benefit of the municipality.

We do not find Klikas' distinction persuasive. While there is no common law duty for a municipality to clear ice and snow from its streets and sidewalks, a municipality may choose to clear sidewalks, not because it is liable in tort, but because it is a service to the public.

■ The Restatement (Second) of Torts characterizes certain legislative enactments as intended only for the purpose of imposing upon a third party the performance of a service which the state has undertaken on behalf of the public. As an example of the kinds of ordinances which fit this description, the Restatement specifies an example of an abutting property owner who fails to remove ice from a city sidewalk. When an individual slips on that ice and is injured, the ordinance "does not provide a standard of conduct" for the benefit of the individual. Restatement (Second) of Torts §288, Comment d, at 32 (1965).

Prosser & Keeton on Torts states:

> "[O]rdinances which require householders to keep sidewalks in repair, or to remove snow and ice from them, are considered to be intended only for the benefit of the municipality, and not for any individual who may suffer a fall." W. Keeton, Prosser & Keeton on Torts §36, at 223 (5th ed. 1984).

We believe that whether an ordinance is considered a public safety measure is largely a matter of public policy. Unless a statute or ordinance specifies a civil remedy, courts interpret whether the intent of the legislature was to provide for tort liability. In their deliberations, courts decide whether the statute imposes a standard of conduct and whether a duty of conduct is created toward the plaintiff.

■ Applying a standard duty analysis, we evaluate the foreseeability of the injury, the likelihood of the injury, the magnitude of the burden of guarding against injury, and the consequence of putting the burden on the defendant. (*Lance v. Senior* (1967), 36 Ill. 2d 516, 224 N.E.2d 231.) While it may be reasonably foreseeable and likely that an individual would slip on uncleared snow and ice and sustain injuries, the magnitude of the burden of guarding against these kinds of injuries in this part of the country is great. Moreover, imposing a tort duty on property owners to remove all snow and ice from abutting public sidewalks within 24 hours of a snowfall would have unreasonable consequences. In balancing these consider-

ations, we can only conclude that it is not consistent with public policy to impose a tort duty on a property owner to remove snow and ice from city streets.

For the foregoing reasons, we believe the trial court correctly granted summary judgment on this count of Klikas' complaint as we find that the ordinance did not impose a duty on the defendants to clear the snow and ice and violation of the ordinance was not evidence of the defendants' negligence.

Klikas also appeals from the summary judgment order on another count of his complaint alleging that the defendants breached their contractual duty to remove the snow and ice from the sidewalk where Klikas fell. Klikas points to the condominium declarations which state that the board of directors is responsible for the "maintenance, repair and replacement of the common elements." Klikas further cites the agreement between Hanover and McGrath which provided that McGrath would maintain the "common area and facilities" and authorized McGrath to enter into contracts for snow plowing in "the development."

Klikas relies on *Schoondyke v. Heil, Heil, Smart & Golee, Inc.* (1980), 89 Ill. App. 3d 640, 411 N.E.2d 1168, for the proposition that a condominium owner can assume a duty to clear snow by virtue of its declaration and bylaws. In *Schoondyke*, the plaintiff sustained injuries when she fell on a snow-covered sidewalk in the common area of a condominium complex. In their condominium declarations and bylaws, the defendants had agreed to remove the snow from common areas. The court held that the defendants had voluntarily assumed the duty of snow removal and, thus, their duty to the plaintiff arose from the breach of their contract.

The obvious distinction in the instant case is that Klikas fell on a village-owned sidewalk, and not on a common area of the condominium complex. Klikas argues that the fact that the defendants did not own the land on which Klikas fell is "beside the point" because the residents had a right to expect the association and its contractors to keep all of the sidewalks used for ingress and egress clear of snow and ice.

We find no merit to this contention. Various cases have held that a duty in tort arises from a contractual obligation to remove snow. (*Tressler v. Winfield Village Cooperative, Inc.* (1985), 134 Ill. App. 3d 578, 481 N.E.2d 75; *Schoondyke v. Heil, Heil, Smart & Golee, Inc.* (1980), 89 Ill. App. 3d 640, 411 N.E.2d 1168.) However, in these cases, the plaintiffs were injured on sidewalks which the defendants had specifically promised to clear. We find nothing in

the respective contracts, declarations, bylaws, or depositions to indicate that either Hanover or McGrath contracted to clean the village sidewalk where Klikas fell. We do not believe the defendants were under any obligation to remove snow and ice from the municipally owned sidewalk. Thus, Hanover and McGrath had no duty arising in tort to remove the snow upon which Klikas fell.

For all of the aforementioned reasons, the order of the trial court granting summary judgment in the defendants' favor is affirmed.

Affirmed.

JOHNSON and CAHILL, JJ., concur.