SECOND DIVISION

No. 1-08-0411

| | | |
|---|---|---|
| GEORGE DIVIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WOODS EDGE HOMEOWNERS' ASSOCIATION, | ) | |
| WOODS EDGE I CONDOMINIUM ASSOCIATION, | ) | |
| WEAVER REALTY AND MANAGEMENT, INC., and | )) | |
| SERVICON ENTERPRISES, INC., | )) | Honorable |
| | | Ronald S. Davis, |
| Defendants-Appellees. | | Judge Presiding. |

PRESIDING JUSTICE KARNEZIS delivered the opinion of the court:

This negligence action arises out of injuries plaintiff George Divis sustained as a result of falling on a patch of ice at his former condominium complex in Palos Hills. Plaintiff sued defendants Woods Edge Homeowners' Association (WEHA), Woods Edge I Condominium Association (WECA), Weaver Realty and Management, Inc., and Servicon Enterprises, Inc., alleging that due to defendants' negligent removal of snow,

several large patches of ice accumulated on the walkway, which proximately caused his fall. Defendant Servicon filed a motion to dismiss pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2006)), alleging that it was immune from liability pursuant to the Snow and Ice Removal Act (Act) (745 ILCS 75/1 *et seq*. (West 2006)), which the trial court granted.[1] Plaintiff appeals from the trial court's order and contends that the Act does not apply to parties who enter into a contractual obligation to remove snow and ice. We affirm.

On January 28, 2006, plaintiff exited his condominium building and slipped and fell on a patch of ice, suffering numerous injuries. Plaintiff's second amended complaint alleged that defendants WEHA, WECA and Weaver contracted with defendant Servicon to remove snow and ice from the condominium property. The complaint also alleged that snow had fallen on the property in the days prior to plaintiff's fall and that as a result of the "incomplete and improper" snow removal, several large patches of ice accumulated on the walkway, causing him to fall.

Defendant Servcion's motion to dismiss plaintiff's second amended complaint alleged that the Act barred plaintiff's recovery. The trial court granted the motion to dismiss, finding that the Act applied to all defendants and dismissed plaintiff's complaint with prejudice. Plaintiff now appeals.

On appeal, plaintiff contends that the Act does not apply to parties who enter into a contractual obligation to remove snow and ice.

---

[1] The other defendants joined in Servicon's motion to dismiss.

The Act provides:

"§ 1.  It is declared to be the public policy of this State that owners and others residing in residential units be encouraged to clean the sidewalks abutting their residences of snow and ice.  The General Assembly, therefore, determines that it is undesirable for any person to be found liable for damages due to his or her efforts in the removal of snow or ice from such sidewalks, except for acts which amount to clear wrongdoing as described in Section 2 of this Act.

§ 2.  Any owner, lessor, occupant or other person in charge of any residential property, or any agent of or other person engaged by any such party, who removes or attempts to remove snow or ice from sidewalks abutting the property shall not be liable for any personal injuries allegedly caused by the snowy or icy condition of the sidewalk resulting from his or her acts or omissions unless the alleged misconduct was willful or wanton."  745 ILCS 75/1 (West 2006).

Here, we find that, contrary to plaintiff's contention, the Act provides defendants with an affirmative defense against plaintiff's claims of negligent or improper snow removal.  Section 1 of the Act provides that "it is undesirable for any person" to be liable for damages due to his or her snow removal efforts, unless those acts amount to "clear wrongdoing."  745 ILCS 75/1 (West 2006).  Section 2 of the Act provides that "any agent of or other person engaged by any such party" who removes or attempts to

3

remove snow or ice from sidewalks shall not be liable for injuries caused by his or her removal efforts, unless those acts or omissions were willful or wanton. 745 ILCS 75/2 (West 2006). We find that defendant Servicon acted as either an agent or "other person engaged by" defendants WEHA, WECA and Weaver to remove snow and ice. Plaintiff alleged in his complaint that his fall was the result of "incomplete and improper" snow removal. This is the type of conduct for which the legislature has sought to provide immunity from liability when it enacted the Act. Except in cases of clear wrongdoing or willful or wanton conduct, the legislature has determined that, as a matter of public policy, to encourage people to clear their sidewalks of snow and ice, it would be "undesirable" for any person to be found liable for damages due to his or her snow removal efforts. We find the trial court's order granting the motion to dismiss proper.

Plaintiff relies on Schoondyke v. Heil, Heil, Smart & Golee, Inc., 89 Ill. App. 3d 640 (1980), and Klikas v. Hanover Square Condominium Association, 240 Ill. App. 3d 715 (1992). However, Schoondyke and Klikas do not support plaintiff's contention. Schoondyke predated the Act and concerned whether the association owed a duty to the plaintiff to remove snow and ice. It neither discussed the Act nor addressed whether the Act would apply to parties who entered into a contractual obligation to remove snow and ice. Plaintiff acknowledges that Schoondyke predated the Act but argues that "there is nothing in the [Act] that would lead anyone to believe that the Act vitiated [the Schoondyke] decision." Again, we note that Schoondyke concerned

1-08-0411

whether the association owed a duty to the plaintiff to remove snow and ice, not whether the defendants were immune from liability because of the Act. In <u>Klikas</u>, this court found that the condominium association had no duty to remove snow from a village-owned sidewalk that abutted the condominium complex. <u>Klikas</u>, 240 Ill. App. 3d at 721. Although <u>Klikas</u> postdated the Act, it did not discuss the Act because it considered for purposes of summary judgment whether the association had a duty to remove snow from a village-owned sidewalk that was not located on condominium property. It did not address whether the defendants were immune from liability because of the Act. Further, both <u>Schoondyke</u> and <u>Klikas</u> involved a situation in which there was a complete failure to remove snow and ice rather than the improper or negligent removal as alleged in the case at bar.

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

HOFFMAN and HALL, JJ, concur.

5

1-08-0411

GEORGE DIVIS,

    Plaintiff-Appellant,

v.

WOODS EDGE HOMEOWNERS' ASSOCIATION, WOODS EDGE I CONDOMINIUM ASSOCIATION, WEAVER REALTY AND MANAGEMENT, INC., and SERVICON ENTERPRISES, INC.,

    Defendants-Appellees.

No. 1-08-0411

Appellate Court of Illinois
First District, Second Division

October 28, 2008

PRESIDING JUSTICE KARNEZIS delivered the opinion of the court.

HOFFMAN and HALL, JJ, concur.

Appeal from the Circuit Court of Cook County.

The Honorable Ronald S. Davis, Judge Presiding.

For APPELLANT, Kozacky & Weitzel, P.C. (Paul J. Kozacky , Jerome R. Weitzel and John M. Sheldon, of counsel)

For APPELLEE SERVICON ENTERPRISES, INC., Norton Mancini & Weiler (W. Anthony Andrews, of counsel)

1-08-0411

For APPELLEE WOODS EDGE HOMEOWNERS' ASSOCIATION, WOODS EDGE I CONDOMINIUM ASSOCIATION AND WEAVER REALTY AND MANAGEMENT, INC., Smith Amundsen LLC (Michael Resis, Ellen L. Green and Bradley G. Rausa, of counsel)