NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220964-U

NO. 4-22-0964

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 8, 2023
Carla Bender
4ᵗʰ District Appellate
Court, IL

| | | |
|---|---|---|
| MARY SPENCER, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Winnebago County |
| EDWARD ROSE ASSOCIATES, LLC, d/b/a BEACON | ) | No. 20L71 |
| HILL APARTMENTS, | ) | |
|     Defendant-Appellee. | ) | Honorable |
| | ) | Ronald Anthony Barch, |
| | ) | Judge Presiding. |

---

JUSTICE TURNER delivered the judgment of the court.
Justices Cavanagh and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not err in granting summary judgment in favor of defendant.

¶ 2    In February 2020, plaintiff, Mary Spencer, filed a two-count negligence complaint against defendant, Edward Rose Associates, LLC, d/b/a Beacon Hill Apartments, and Preferred Roofing and Siding LLC, which is not a party to this appeal. Plaintiff sought damages for injuries she suffered following a fall on a sidewalk owned and controlled by defendant. In May 2022, defendant filed a motion for summary judgment. After a hearing, the Winnebago County circuit court granted summary judgment in defendant's favor, finding defendant owed plaintiff no common law duty to remove the natural accumulations of snow and ice and a Rockford city ordinance did not create a statutory duty.

¶ 3    Plaintiff appeals, arguing the circuit court erred by granting summary judgment for defendant. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5          On February 20, 2018, at approximately 11 p.m., plaintiff was returning home from a conference at Life Church. After parking her car in front of her apartment complex, plaintiff walked on the sidewalk toward her apartment. Plaintiff walked a few feet before she slipped and fell on the ground. Unable to get up, plaintiff called an ambulance and was transported to Swedish American Hospital. Plaintiff suffered a broken foot and required multiple surgeries.

¶ 6          In her February 2020 complaint, plaintiff alleged one count of negligence against defendant and one count of negligence against Preferred Roofing and Siding LLC. Plaintiff alleged on February 20, 2018, "there existed a defect, which caused Plaintiff to fall to the ground and become injured," namely, "[a]n unnatural accumulation of ice and/or snow on the premises of the Property." Regarding defendant, plaintiff alleged it had a duty to plaintiff "to exercise ordinary care in keeping the common areas of the Property in a reasonably safe condition." She contended defendant violated that duty *inter alia* by carelessly and negligently failing to (1) maintain the sidewalk, (2) warn people of the defect, and (3) remedy the unnatural accumulation of snow and ice. Plaintiff further asserted, as a direct and proximate result of one or more of defendant's aforementioned actions, she sustained severe and permanent injuries.

¶ 7          In May 2022, defendant filed a motion for summary judgment (735 ILCS 5/2-1005 (West 2022)), asserting no evidence showed the accumulation of ice upon which plaintiff slipped was an unnatural accumulation. Alternatively, defendant argued even if plaintiff could establish her fall was the result of an unnatural accumulation of ice and snow, the Snow and Ice Removal Act (745 ILCS 75/2 (West 2018)) "immunize[d] the defendant in this case." In support of the motion, defendant attached the discovery deposition of plaintiff.

¶ 8    In her deposition, plaintiff testified she did not notice ice or snow on the sidewalk when she left her apartment to attend a conference at her church. Upon returning home from the conference at approximately 11 p.m., plaintiff indicated "there was snow on the ground." Plaintiff did not recall whether the snow and ice covered the entire sidewalk. Further, she did not recall seeing anyone remove the snow and ice from the sidewalk on the days leading up to the incident.

¶ 9    In August 2022, plaintiff filed a response asserting for the first time defendant owed a duty to plaintiff to remove the snow and ice from its sidewalks because a Rockford city ordinance imposed a duty to do so. The ordinance provides, in relevant part, the following:

> "(a) The owner or occupier of each lot or part of lot, improved or unimproved, to which the general public is invited, shall remove all snow and ice which may have fallen or accumulated upon the sidewalk in front of the premises which he or she owns or occupies not later than 12:00 noon of the day after the same has ceased to fall or accumulate. Provided that when ice has so formed upon any sidewalk that it cannot be removed, then the owner or occupier shall keep the same effectively sprinkled with sand, salt or other suitable substance in such manner as to prevent the ice from being dangerous, until such time as it can be removed, and then it shall be promptly removed.
>
> (b) Any person violating any of the provisions of this section shall be subject to a fine each day any violation of this section continues shall constitute a separate offense." Rockford Ordinance No. 2011-033-O, § 26-10 (eff. Mar. 21, 2011).

Plaintiff asserted defendant's breach of duty proximately caused her injuries. Further, defendant could not avail itself of a defense under the Snow and Ice Removal Act because defendant made no effort to remove the accumulation of snow and ice.

¶ 10 On September 30, 2022, the circuit court held a hearing on defendant's summary judgment motion. At the hearing, plaintiff's counsel acknowledged he could not "cite to direct evidence that it was an unnatural accumulation of ice and snow." Rather, "the Rockford ordinance establishes a duty on the defendant to clear that ice and snow." In granting defendant's motion, the court's written order noted: "Between February 7, 2018 and February 20, 2018, the Rockford area experienced 6 snow falls. Collectively, 12.4 inches of snow fell in the Rockford area. The last snow fall prior to the date of [plaintiff's] fall occurred on February 17, 2018." For the purposes of the motion, the court assumed defendant undertook no efforts to remove the snow and ice from its sidewalk. In addition, the court noted plaintiff acknowledged she had "no evidence establishing that she was caused to slip and fall by an unnatural accumulation of snow or ice." The court concluded summary judgment was proper because plaintiff had no evidence "to establish or infer" the snow and ice upon which she slipped and fell was an unnatural accumulation. As a result, defendant did not owe a duty to plaintiff to remove the natural accumulation of ice and snow. Regarding plaintiff's argument the Rockford ordinance imposed a statutory duty on defendant, the court noted the rationale in *Klikas v. Hanover Square Condominium Ass'n*, 240 Ill. App. 3d 715, 608 N.E.2d 541 (1992), was persuasive, finding "[a]n ordinance imposing a tort duty upon a private landowner to remove natural accumulations of snow and ice would give rise to unreasonable consequences."

¶ 11 This appeal followed.

¶ 12 II. ANALYSIS

- 4 -

¶ 13        Initially, we note defendant argues plaintiff should be judicially estopped from arguing the ordinance imposed a duty upon defendant because her complaint did not allege that theory. In furtherance of its judicial estoppel argument, defendant contends plaintiff's "sudden fact reversal" (from alleging an unnatural accumulation occurred to alleging a statutory duty existed) prevented defendant "from succeeding on its Snow and Ice Removal Act affirmative defense." We conclude the record indicates plaintiff abandoned her unnatural accumulation theory during the hearing on defendant's motion for summary judgment. However, defendant has forfeited any objection to the lack of specificity in pleading the statutory duty theory because defendant failed to object below when plaintiff raised this theory in her response to defendant's motion for summary judgment. Instead, defendant addressed the theory in its reply to plaintiff's response. By failing to object to the pleading deficiency in the circuit court, defendant forfeited this issue. See *Williams v. Alfred N. Koplin & Co.*, 114 Ill. App. 3d 482, 486, 448 N.E.2d 1042, 1046 (1983) (holding a pleading deficiency is forfeited where the party fails to object to the theory advanced by the opponent in response to the motion for summary judgment).

¶ 14        Plaintiff contends the circuit court erred by granting summary judgment in favor of defendant because defendant was required by ordinance to remove the snow and ice. Defendant disagrees, asserting the court properly found the ordinance did not impose a duty, actionable in tort, on private landowners to remove snow and ice from privately owned sidewalks.

¶ 15        A circuit court's ruling on a motion for summary judgment presents a question of law, and thus we apply the *de novo* standard of review. *A.B.A.T.E. of Illinois, Inc. v. Quinn*, 2011 IL 110611, ¶ 22, 957 N.E.2d 876. Section 2-1005(c) of the Code of Civil Procedure (735 ILCS 5/2-1005(c) (West 2022)) provides summary judgment is proper when the "pleadings,

depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "With a summary judgment motion, courts construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent." *Smith v. Hancock*, 2019 IL App (4th) 180704, ¶ 19, 133 N.E.3d 666. "A defendant in a negligence suit is entitled to summary judgment if he can demonstrate that the plaintiff has failed to establish a factual basis for one of the required elements of a cause of action for negligence." *Smith v. Tri-R Vending*, 249 Ill. App. 3d 654, 658, 619 N.E.2d 172, 175 (1993).

¶ 16 To prove a claim of negligence, "a plaintiff must establish the existence of a duty, a breach of the duty, and an injury to the plaintiff that was proximately caused by the breach." *Vancura v. Katris*, 238 Ill. 2d 352, 373, 939 N.E.2d 328, 342 (2010). "Under the natural accumulation rule, a landowner or possessor of real property has no duty to remove natural accumulations of ice, snow, or water from its property." *Krywin v. Chicago Transit Authority*, 238 Ill. 2d 215, 227, 938 N.E.2d 440, 447 (2010). "Even if the snow and ice remain on the property for an 'unreasonable' length of time, it has been held that no liability will be imposed on the proprietor as long as the snow and ice is a natural accumulation." *Kellermann v. Car City Chevrolet-Nissan, Inc.*, 306 Ill. App. 3d 285, 288, 713 N.E.2d 1285, 1288 (1999).

¶ 17 Plaintiff asserts the circuit court's reliance on *Klikas* was misplaced because the "unambiguous language" of the ordinance required defendant to remove ice and snow from its privately owned sidewalk. Specifically, "Rockford does not own the sidewalk where Plaintiff slipped and fell, and thus has no comparable public service interest in keeping the sidewalk clear of ice and snow." Plaintiff asserts the public policy intention behind the ordinance is "to protect pedestrians like the Plaintiff from a dangerous walking surface."

¶ 18        In *Klikas*, the plaintiff slipped and fell on a snow-covered public sidewalk outside of a building owned by defendant. *Klikas*, 240 Ill. App. 3d at 717, 608 N.E.2d at 543. The accident occurred three days after a snowfall during which the defendant condominium association failed to clear the sidewalk. *Klikas*, 240 Ill. App. 3d at 717, 608 N.E.2d at 543. While the plaintiff conceded an abutting property owner did not have a common law duty to remove snow and ice from a public sidewalk, he nevertheless asserted the defendant owed a duty to remove the snow pursuant to a provision in the Hanover Park Village Code, which provided, " 'it shall be the responsibility of the owner or occupant of any premises abutting a sidewalk or sidewalks to remove from such walks, within twenty-four (24) hours after a snowfall of two (2) inches or more, substantially all ice or snow accumulated thereon.' " *Klikas*, 240 Ill. App. 3d at 717-18, 608 N.E.2d at 543 (quoting Hanover Park Village Code, art. VI, § 22-98 (1987)). The plaintiff argued the provision constituted "a public safety measure and the plaintiff is included in the class of persons that the ordinance was designed to protect." *Klikas*, 240 Ill. App. 3d at 718, 608 N.E.2d at 544. The appellate court analyzed whether the ordinance created a duty of care for the purposes of a negligence action. *Klikas*, 240 Ill. App. 3d at 718, 608 N.E.2d at 544.

¶ 19        In holding the ordinance did not create a duty of care, the appellate court determined the ordinance requiring the removal of snow within a 24-hour period was intended to benefit the municipality. *Klikas*, 240 Ill. App. 3d at 719-20, 608 N.E.2d at 544-45. The court noted a municipality has no duty to remove ice and snow from its sidewalks but could elect to do so as a service to the public. *Klikas*, 240 Ill. App. 3d at 720, 608 N.E.2d at 545. In support of its holding, the court stated, "[W]hether an ordinance is considered a public safety measure is largely a matter of public policy. Unless a statute or ordinance specifies a civil remedy, courts interpret whether the intent of the legislature was to provide for tort liability." *Klikas*, 240 Ill.

App. 3d at 720, 608 N.E.2d at 545.  While the court agreed "it may be reasonably foreseeable and likely that an individual would slip on uncleared snow and ice and sustain injuries, the magnitude of the burden of guarding against these kinds of injuries in this part of the country is great."  *Klikas*, 240 Ill. App. 3d at 720, 608 N.E.2d at 545.  The court concluded the ordinance at issue did not serve as a basis for tort liability, noting, "[I]mposing a tort duty on property owners to remove all snow and ice from abutting public sidewalks within 24 hours of a snowfall would have unreasonable consequences."  *Klikas*, 240 Ill. App. 3d at 720, 608 N.E.2d at 545.

¶ 20          Although *Klikas* involved a determination regarding a duty to remove snow and ice from a municipally owned sidewalk, we find it instructive.  As in *Klikas*, a violation of the ordinance here fails to provide a basis for tort liability, but instead merely imposes a municipal fine.  The ordinance applies to "[t]he owner or occupier of each lot or part of lot, improved or unimproved, to which the general public is invited" (Rockford Ordinance No. 2011-033-O, § 26-10 (eff. Mar. 21, 2011).), requiring such owners or occupiers to "remove all snow and ice which may have fallen or accumulated upon the sidewalk in front of the premises which he or she owns or occupies not later than 12:00 noon of the day after the same has ceased to fall or accumulate." (Rockford Ordinance No. 2011-033-O, § 26-10 (eff. Mar. 21, 2011).).  As such, we conclude the purpose of the ordinance is to benefit the municipality.  Moreover, had the ordinance been intended to impose tort liability for an ordinance violation, the municipality would have expressly provided for such.  We note violations of other sections of the Rockford Code of Ordinances do expressly provide liability language.  For example, in the same section, the Rockford Code of Ordinances includes a section entitled "Liability for damages sustained because of streets or sidewalks injured or under repair."  Rockford Ordinance No. 2011-033-O, § 26-6 (eff. Mar. 21, 2011).  Specifically, a person who injures or tears up any pavement "shall

be held responsible and liable to the city for any and all damages to persons or property in consequence of such condition which the city shall suffer or be adjudged to pay." Rockford Ordinance No. 2011-033-O, § 26-6 (eff. Mar. 21, 2011). We also agree with the circuit court with regard to its public policy considerations. Without express language to the contrary, an ordinance imposing a duty, actionable in tort, for a private landowner to remove natural accumulations of snow and ice in this part of the Midwest would have unreasonable consequences. Therefore, the court was correct to conclude the ordinance at issue did not "expressly or explicitly declare a civil remedy in the event of a breach."

¶ 21         Accordingly, we find the circuit court properly concluded plaintiff could not establish the ordinance at issue imposed a statutory duty upon defendant. Thus, summary judgment in defendant's favor was proper.

¶ 22                              III. CONCLUSION

¶ 23         For the reasons stated, we affirm the circuit court's judgment.

¶ 24         Affirmed.